**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-40370
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FELIX NUFIO-ORTIZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-501-1

March 25, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Felix Nufio-Ortiz appeals from his conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that the record is insufficient to establish that he knowingly and voluntarily waived his constitutional rights when he pleaded guilty, that the Due Process Clause requires the applicability of an aggravated felony sentencing enhancement to be proved by more than a preponderance of the evidence, and that the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

district court erred by relying upon information contained in the PSR despite Nufio-Ortiz's objection to that information. We affirm.

RULE 11 PROCEDURE

Nufio-Ortiz complains that the guilty plea procedure used by the district court did not meet the requirements of Federal Rule of Criminal Procedure 11. The district court questioned a group of defendants, including Nufio-Ortiz, en masse concerning their desire to waive certain constitutional rights, then stated for the record, "Each and every defendant before me has answered in the affirmative." The record on appeal does not show any individual statement concerning waiver by Nufio-Ortiz.

The two purposes of Rule 11 are to allow the district court to "ascertain the plea's voluntariness" and to "develop a more complete record to support [the court's] determination in a subsequent post-conviction attack." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Nufio-Ortiz contends that the record before us is not adequate to review the voluntariness of his waiver of constitutional rights.

Nufio-Ortiz urges us to employ the harmless error analysis dictated by *United States v. Watch*, 7 F.3d 422, 428-29 (5th Cir. 1993), in reviewing the district court's Rule 11 procedure. However, the district court clearly outlined the procedure he intended to follow in taking the pleas and specifically asked if counsel had any objections. The record reflects that all counsel answered in the negative. Our review is therefore limited to plain

2

error. *See United State v. Calverley*, 37 F.3d 160 (5th Cir. 1994). In performing a plain error review, we must determine whether there was error, and if so whether the error was plain and prejudicial. Finally, even if we find the error plain and prejudicial, correcting it is discretionary rather than mandatory. *See id.* at 162-64.

The procedure about which Nufio-Ortiz complains raises serious concerns about possible error under Rule 11 and applicable case law. However, because he failed to object to the procedure even when the district court explicitly invited objections, we will not exercise our discretion to correct any possible error.

## SENTENCING ISSUES

The district court did not err by increasing Nufio-Ortiz's offense level for his previous conviction for an aggravated felony. *See United States v. Lombardi*, 138 F.3d 559, 562 (5th Cir. 1998)(burden of proof at sentencing is a preponderance of the evidence); *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994)(the district court may adopt factual allegations contained in the PSR without holding an evidentiary hearing if the defendant offers no rebuttal evidence). We therefore find no error in Nufio-Ortiz's sentence.

## CONCLUSION

Accordingly, the judgment of the district court is affirmed.

AFFIRMED

3